**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **realZOOM LLC**, a Texas limited-liability company, <br><br> Plaintiff, <br><br> vs. <br><br> **Nike, Inc.**, an Oregon corporation, <br><br> Defendant. | Civil Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint, Plaintiff realZOOM LLC hereby alleges as follows.

**JURISDICTION AND VENUE**

1. This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because it regularly conducts business in Texas and in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a Texas limited-liability company having a principal place of business at 5068 West Plano Parkway, Suite 300, Plano, Texas 75093.

5. On information and belief, Defendant is an Oregon corporation having a principal place of business at One Bowerman Drive, Beaverton, OR 97005-6453.

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 7,774,712

6. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7. Plaintiff is the owner by assignment of U.S. Patent No. 7,774,712 ("the '712 patent"), which is entitled "Methods and Systems for Displaying an Enlarged Image," which duly and lawfully issued on August 10, 2010.  A true and correct copy of the '712 patent is attached hereto as Exhibit A.

8. The '712 patent was originally assigned to A Far Site Better, LLC ("AFSB"), a company which remains a licensee of the '712 patent.  Since before the '712 patent issued, AFSB has been developing, marketing and selling the methods and systems claimed in and covered by the '712 patent.

9. The '712 patent covers the methods and systems claimed, and protects the exclusive rights of Plaintiff and its licensee AFSB to sell those methods and systems

without infringement by competitors or their products.  These methods and systems were not routine or conventional, particularly at the time of the claimed inventions in 2004.

10. The claims of the '712 patent are directed to, for example, a "method of displaying an enlarged image on a display of a client device running an enlargement application executed by a browser program, the client device configured to generate a user interface in which a user may control a position of a cursor."

11. Claim 1 of the '712 patent, for example, recites elements including, *inter alia*, (a) "transmitting, over a network, a first image and an enlarged version of the first image from a server to the client device;" (b) "displaying the first image at a first location on the display;" (c) "determining whether the position of the cursor generated by the client device overlaps with the first location of the first image;" (d) "if the position of the cursor overlaps with the first location of the first image, determining a portion of the enlarged version of the first image with the client device without requesting additional information from the server, where the portion of the enlarged version of the first image is determined based on the position of the cursor;" (e) "displaying the portion of the enlarged version of the first image at a second location on the display of the client device while continuing to display the first image at the first location;" (f) "displaying an indication on the first image that indicates a portion of the first image that corresponds to the displayed portion of the enlarged version of the first image;" and (g) "displaying a

different portion of the enlarged version of the first image whenever the position of the cursor changes."

12.     On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States systems and/or methods covered by the claims of the '712 patent, and continues to do so.  For example, as shown in Exhibit B, the Defendant's website functionality employs the method covered by Claim 1 of the '712 patent ("Accused Instrumentality").

13.     First, the Accused Instrumentality includes "transmitting, over a network, a first image and an enlarged version of the first image from a server to the client device," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 2-5.

14.     Second, the Accused Instrumentality includes "displaying the first image at a first location on the display," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 5-6.

15.     Third, the Accused Instrumentality includes "determining whether the position of the cursor generated by the client device overlaps with the first location of the first image," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 6-7.

16.     Fourth, the Accused Instrumentality includes "if the position of the cursor overlaps with the first location of the first image, determining a portion of the enlarged version of the first image with the client device without requesting additional information

from the server, where the portion of the enlarged version of the first image is determined based on the position of the cursor," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 7-8.

17. Fifth, the Accused Instrumentality includes "displaying the portion of the enlarged version of the first image at a second location on the display of the client device while continuing to display the first image at the first location," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 8-10.

18. Sixth, the Accused Instrumentality includes "displaying an indication on the first image that indicates a portion of the first image that corresponds to the displayed portion of the enlarged version of the first image," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 10-12.

19. Seventh, the Accused Instrumentality includes "displaying a different portion of the enlarged version of the first image whenever the position of the cursor changes," as exemplified by the analysis shown in Exhibit B, specifically shown at pages 12-13.

20. On information and belief, Defendant has caused, encouraged and aided others, including customers, to directly infringe the '712 patent having full knowledge of the '712 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '712 patent.

21.    By the acts of making, using, offering to sell, selling and/or importing the accused infringing systems and/or methods, Defendant has directly infringed the '712 patent under 35 U.S.C. § 271(a).

22.    By the acts of actively inducing others to infringe the '712 patent, Defendant has infringed the '712 patent under 35 U.S.C. § 271(b). On information and belief, having knowledge of the '712 patent, Defendant specifically intended for its customers to infringe the '712 patent by using and/or re-selling the accused infringing systems and/or methods.

23.    The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '712 patent.

24.    Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

25.    The infringement of the '712 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff prays for the following relief:

A.    A determination that Defendant has infringed the '712 patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents;

B.  A preliminary and permanent injunction against each Defendant's continuing patent infringement;

C.  An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

D.  A determination of willful patent infringement, and that this is an exceptional case, and an award of reasonable attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

E.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands hereby a jury trial on any issues triable of right by a jury.

Dated:  November 13, 2018            Respectfully submitted,

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted in E.D. Tex.)
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391
sml@smlavvocati.com

*Attorneys for Plaintiff*